UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lance Wickner, | Civil No. 12-1452 (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Robert Bender et al., | |
| Defendants. | |

Lance Wickner, *pro se*, for Plaintiff.
Anthony R. Noss for Defendants Thomas Cherro and Jeff Laine.[1]

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff Lance Wickner's motion to amend his Complaint (ECF No. 21) and Defendants Thomas Cherro and Jeff Laine's motion to dismiss (ECF No. 13). This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Order, ECF No. 12. For the reasons set forth below, the Court orders that Wickner's motion is **GRANTED** and recommends that Defendants' motion be **DENIED as moot**.

## I. PROCEDURAL BACKGROUND

Wickner is a civilly committed detainee at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. Compl., ECF No. 1. He filed his 42 U.S.C. § 1983 Complaint on June 19, 2012. *Id.* That same day, the case was stayed along with a number of other cases filed by MSOP

---

[1] Although it appears that the U.S. Marshal Service has executed service for Thomas Cherro, Jeff Laine, and the Minnesota Attorney General's Office, Robert Bender and the proposed Defendants have not yet been served and no appearance has been entered on their behalf. Summons Returned Executed, ECF Nos. 11, 32, 33.

clients, pending litigation in *Karsjens et al v. Minnesota Department of Human Services et al.*, No. 11-cv-3659. Order, ECF No. 3; Second Am. Order, ECF No. 4; Third Am. Order, ECF No. 5. On April 4, 2016, nearly four years since the allegations in the Complaint had occurred, the stay was lifted. Order, ECF No. 8.

On July 29, 2016, Defendants Cherro and Laine filed a motion to dismiss Wickner's Complaint. Mot. to Dismiss, ECF No. 13. Cherro and Laine indicate that they understand that they are only being sued in their individual capacity, and contend that because Defendent Bender is no longer an MSOP employee and has not been served by the U.S. Marshal, he is not a party. Mem. in Supp. of Mot. to Dismiss 1 n.1, ECF No. 15. Cherro and Laine contend that: (1) Wickner's Complaint fails to plausibly support that Cherro and Laine used excessive force against him in violation of 42 U.S.C. § 1983 and fails to state a punitive damages claim, and (2) that they are entitled to qualified immunity. *See generally id.*

On August 23, 2016, Wickner filed a his opposition memorandum in response to Cherro and Laine's motion to dismiss and a motion to amend his Complaint. Opp'n Mem., ECF No. 20; Mot. to Am. Compl., ECF No. 21. Pursuant to a briefing scheduling order, Cherro and Laine filed an opposition memorandum to Wickner's motion on September 27, 2016, stating that Wickner should not be allowed to file his proposed amended complaint because it is futile. Mem. Op. & Order, ECF No. 26; Defs.' Opp'n Mem., ECF No. 29.

## II. FACTUAL ALLEGATIONS

In his initial Complaint, Wickner alleged that on April 26, 2012, MSOP security counselors Robert Bender, Thomas Cherro, and Jeff Laine, responded to the Unit Omega after another security

counselor[2] announced over the incident command system ("ICS") that Wickner was refusing to get off of the computer. ECF No. 1 at 2. According to Wickner, Bender, Cherro, and Laine, sprayed him with chemical irritants causing him a burning sensation that lasted for 4 to 5 hours. *Id.* ¶ 19. Wickner then ran away and all three Defendants chased him, tackled him, and choked him. *Id.* ¶¶ 20–21. Wickner states that while Laine choked him, Bender punched him in his hip which caused an aggravation to a previous hip surgery. *Id.* ¶ 23. Wickner also says that due to the choking he was not able to breath, his ears started ringing, and caused him ongoing headaches. *Id.* ¶ 21. Wickner states that afterward, instead of taking Wickner to be decontaminated, Defendants left him in a cell with the chemical irritant still in his eyes. *Id.* ¶ 24.

In his proposed amended Complaint, Wickner states that MSOP security counselors Kevin Dreher and Jason Furey were responsible for cleaning the chemical irritant out of his eyes and failed to do so. ECF No. 21, Ex. 1 ¶ 33. Wickner also states that he was taken to the nurse where his injuries were documented. *Id.* ¶ 38. He alleges that he told MSOP security counselor Tyler Rosen that the chemical irritant was still burning and Rosen refused to let him shower "until after the first 24 hours of placement, and that [Wickner] would just have to bear it out until the burning sensations went away." *Id.* ¶¶ 39–40. Wickner seeks to add Dreher, Furey, and Rosen as Defendants. Wickner's amended complaint also adds details to the allegations he makes against Bender, Cherro, and Laine. Wickner seeks compensatory and punitive damages against all Defendants and proposed Defendants and other relief the Court may find appropriate. *Id.* at 5.

### III. LEGAL ANALYSIS

---

[2] This security counselor is identified in Wickner's proposed amended complaint as Darien Menten. ECF No. 21, Ex. 1.

### A. Legal Standard

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a party may only amend his complaint with leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although courts liberally construe this rule, there is no absolute right to amend. *See Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650–51 (8th Cir. 1996). However, only limited circumstances justify a district court's refusal to grant leave to amend pleadings, such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). A proposed amendment is futile if it could not survive a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

The proposed amended complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although federal courts view *pro se* pleadings liberally, "such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Geiger v. Minn. Dept. of Human Servs.*, No. 13-2140, 2013 WL 5596599, at *2 (D. Minn. Oct. 11, 2013) (citing *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980)). Liability under § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In other words, civil rights claimants must plead facts showing each defendant's personal involvement in alleged constitutional wrongdoing. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999). "In sum, when a plaintiff seeks relief under § 1983, his complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, while acting under color of state law, which purportedly violated the plaintiff's federal constitutional rights." *Knutson v. Ludeman*, No. 10-357, 2011 WL 821253, at *4 (D. Minn. Jan. 12, 2011).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

**B.    Qualified Immunity**

Cherro and Laine argue that Wickner's proposed amended complaint fails because all Defendants are entitled to qualified immunity. ECF No. 13. In his Complaint and proposed amended

complaint, Wickner only seeks to bring suit against Bender, Cherro, Laine, Dreher, Rosen, and Furey in their individual capacities. ECF No. 1 at 1; ECF No. 21, Ex. 1 at 1. "Qualified immunity is a defense only against a claim in one's individual capacity." *Bankhead v. Knickrehm*, 360 F.3d 839 (8th Cir. 2004). Defendants are entitled to qualified immunity unless Wickner pled facts sufficient to demonstrate that they knowingly deprived him of a clearly established constitutional right. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

Wickner alleges that the Defendants violated his Fourteenth Amendment rights when they used excessive force against him and acted with deliberate indifference to a substantial risk to his health and safety. ECF No. 21, Ex. 1 at 4. The Due Process Clause of the Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV. Substantive due process protections under the Fourteenth Amendment include the right to bodily integrity. *Albright v. Oliver*, 510 U.S. 266, 272 (1994) (citing *Planned Parenthood v. Casey*, 505 U.S. 833, 847–49 (1992)). "The integrity of the individual person is a cherished value of our society." *Schmerber v. California*, 384 U.S. 757, 772 (1966); *see also In re Cincinnati Radiation Litig.*, 874 F. Supp. 796, 810–11 (S.D. Ohio 1995) ("The right to be free of state-sponsored invasion of a person's bodily integrity is protected by the Fourteenth Amendment guarantee of due process."). In *Rousseau*, the Court recognized that the due process clause of the Fourteenth Amendment provides protections to civilly committed patients. *Rousseau v. Casteneda*, 2008 WL 920448, at *2. The Court concludes that Wickner has a clearly established constitutional right to be free from any risk to his health and safety under the Fourteenth Amendment.

Nevertheless, Defendants are still entitled to qualified immunity unless they acted with

deliberate indifference of a substantial risk to Wickner's Fourteenth Amendment rights. "To successfully plead deliberate indifference, a plaintiff must show that: (1) objectively, a substantial risk to safety existed, and (2) that, subjectively, the defendants knew of but disregarded the substantial risk to health or safety." *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Wickner alleges that Bender, Cherro, and Laine unnecessarily sprayed him with a chemical irritant without warning at least four times each, Bender punched him in the hip while Laine was choking him, Dreher and Furey failed to clean off the chemical irritant they knew Wickner had been sprayed with, and Rosen refused to let him wash off the chemical irritant after Wickner told him that he was in pain. ECF No. 21, Ex. 1. Wickner, therefore, has adequately pled that Defendants knew of but disregarded a substantial risk to his health and safety when they allegedly sprayed him, chased him, choked him, punched him, and refused to provide him with care. The Court concludes that Wickner's proposed amended complaint is not futile and he is granted leave to file his amended complaint.

## C.    Failure to State a Claim

To the extent that Cherro and Laine contend that Wickner's proposed amended complaint fails to plausibly state a claim for deliberate indifference to a substantial risk to his health and safety and fails to plausibly to state a claim for punitive damages, the Court disagrees. Wickner has adequately pled that he was intentionally hurt by the individual MSOP security counselors in contravention of his Fourteenth Amendment right to free of any risk to his health and safety.

## D.    Cherro and Laine's Motion to Dismiss (ECF No. 13)

Because the Court concludes that Wickner may amend his Complaint, Cherro and Laine's motion to dismiss is moot. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th

Cir. 2002) (holding that the plaintiff's filing of an amended complaint rendered the defendants' motion to dismiss the original complaint moot). Defendants may file a renewed motion to dismiss should they believe that the amended complaint continues to suffer from the alleged deficiencies they raised in their motion and memorandum to dismiss.

### IV. ORDER

Based upon all of the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Wickner's motion to amend his complaint (ECF No. 21) is **GRANTED**.

### V. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' collective motion to dismiss (ECF No. 13) be **DENIED as moot**.

DATED: January 26, 2017
*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.